No. 7652.

STATE VS. MILLY THOMAS.

All objections to the manner of drawing juries, or to any defect or irregularity that can be pleaded against any array or venire, must be urged on the first day of the term.

In an indictment for manslaughter the word " slay " is not essential; and it suffices to charge that the accused, " with force and arms did willfully and feloniously *shoot and kill*" the deceased.

The distinction between the right of the State, in cross-examining the witnesses of the accused, and the right of the accused in cross-examining the witnesses of the State, as stated in Swayze's case, 30 An. 1327, approved and affirmed.

It is error in the district judge to restrict the counsel of the accused, in his cross-examination of a witness for the State, to the matters brought out on the direct examination.

APPEAL from the Ninth Judicial District Court, parish of Grant. *Blackman*, J.

J. C. Egan, Attorney-General, for the State :

First—That the question of the regularity of the jury being a question of fact can not be examined on appeal. 22 An. 9 ; 25 An. 418 ; 26 An. 383 ; 23 An. 149.

Second—The question of continuance in this case was one of sound discretion involving facts and not reviewable by this court. Having gone to trial and the jury impanneled, it was too late to ask for a continuance for services of the venire. She had waived this right, and this she had the power to do. The indictment is evidently a good one, and charges all that is necessary in a prosecution against the prisoner for manslaughter. There is nothing to show what questions were desired to be asked the witness, and therefore the court cannot rule that the testimony had any thing to do with the case, and was improperly overruled, or could have injured the accused. The court states that the attorney was only stopped after he was proceeding to ask questions on matters not connected with the case. Some discretion must be vested in the lower court to stop attorneys in examination, and confine them to the issues in the case. As the questions asked are not before this court, it can not decide that they were improperly overruled.

James Jeffries, Robt. P. Hunter, and H. L. Daigre for defendant :

First—That the indictment should be quashed on two grounds ; first, because the indictment was found by an illegal grand jury on the 3d day of October, 1878, at a call-term of the court, which was held without notice and advertisement as required by law ; that this not being a regular term of the court, and in order to put parties charged with crimes upon their guard, it was necessary that the proper advertisement should be made. Second. Because the clerk

of the court, as one of the jury commissioners, was not sworn as required by law; hence, she prays that the indictment herein found be quashed and set aside, and she be discharged. 30 An. 1028.

Second—That the defendant in a criminal case is entitled to a continuance on account of the absence of a material witness, who was unknown to defendant up to the day of trial.

Third—That defendant in a criminal case is entitled to a continuance on account of the absence from the State of his principal counsel.

Fourth—That defendant is entitled to be served with a list of jurors and copy of the indictment two clear days before the trial.

Fifth—That defendant on cross-examination of a witness for the State is not confined to such answers as have been brought out by the State.

The opinion of the court was delivered by

MARR, J. The accused appealed from the judgment of the district court of Grant parish, sentencing her to imprisonment, at hard labor, in the penitentiary, for the term of five years, for the crime of manslaughter.

The indictment was found at a called term, on the 3d October, 1878. The accused was brought into court in custody of the sheriff, and arraigned. She plead not guilty; and asked for a trial by jury. On the same day she moved for a continuance, which was granted, on the ground that her leading counsel was absent; and at the regular term, in January, 1879, she asked for a continuance, which was granted.

At the July term, 1879, counsel for accused made motions to set aside the venire; and two motions to quash the indictment. The first motion to quash was on the grounds:

1st. That the indictment was found at a called term, which was held without notice and advertisement as required by law.

2d. That the clerk of the court, as one of the jury commissioners, was not sworn as required by law.

All objections to the manner of drawing juries, or to any defect or irregularity that can be pleaded against any array or venire, must be urged on the first day of the term, or they shall be considered as waived, and shall not afterward be urged. Act of 1877, p. 58, sec. 11.

The second motion to quash was on the ground that the crime is not charged in accordance with the statutes of Louisiana, nor with the common law of England; and that the indictment is fatally defective in that it does not allege that the accused did "kill and slay" the deceased. The law relied upon is section 1048, of the R. S. of 1870, the last clause of which is: "It shall be sufficient in every indictment for manslaughter to charge that the defendant did feloniously *kill and slay* the

deceased." The charge in this indictment is that the accused, " with·
force and arms * * * did willfully and feloniously *shoot and kill*"'
the deceased. The complaint is that these words do not charge the·
crime of manslaughter.

The word " slay " adds nothing to the force and effect of the word'
" kill," when used with reference to. the taking of human life. It is·
particularly applicable to the taking of human life in battle ; and when
it is not used in this sense, it is synonymous with " kill."   The man that
is slain is killed ; and the man that is killed by the hand of his fellow-
man is slain. It suffices to charge that the accused " did feloniously
*kill and slay*" the deceased ; and it equally suffices to charge that 'the·
accused, with force and arms * * * " did willfully and feloniously·
*shoot and kill*" the deceased.

The district judge properly overruled both the motions to quash.

It appears by one of the bills of exception that, after the State had'
examined a witness, Harriet Newman, and turned her over to the de--
fense for cross-examination, the counsel for accused proposed to examine
her on matters not brought out on the examination-in-chief ; to which
the district attorney objected on the ground that the defense was con--
fined, on the cross-examination, to such matters as were brought out on
the examination-in-chief.   The court sustained the objection " only after
the counsel of the accused had proceeded to interrogate the witness on.
matters not directly connected with the case."   We take it for granted
that the words quoted were added by the judge in explanation of his·
ruling.

In the State vs. Swayze, 30 An. 1327, we laid down clearly the dis-
tinction between the right of the State, in cross-examining the witnesses·
of the accused, and the right of the accused in cross-examining the wit-
nesses of the State ; and we held then, as we hold now, that the accused
must be allowed to cross-examine the witnesses of the State as to any
fact tending to establish his defense, whether it be or be not connected'
with the facts testified to in the examination-in-chief.

The district judge improperly restricted the counsel of the accused
in his cross-examination of the witness Harriet Newman to the matters·
brought out on the direct examination ; and for this error a new trial
must be granted.

It is therefore ordered, adjudged, and decreed that the judgment
and sentence of the district court be avoided and reversed ; that the
verdict of the jury be set aside ; and this cause be remanded for a new
trial, and to be proceeded with according to law and the views herein.
expressed.