PROVOSTY, J.
The accused was convicted on the charge of murder, sentenced to the penitentiary for life, and has appealed.
On the conclusion of the testimony of the principal state witness, the coroner was called to the stand by the state. He testified that the fatal shot had entered the head of the decedent on the right side. On cross-examination, the defendant put to him several questions touching what testimony this principal state witness, who had just left the witness stand, had given before the coroner’s jury; the purpose being to impeach the principal state witness. Objection was made on the ground that this cross-examination was upon matters not testified to in chief; and the objection was sustained.
This was error. The defense in cross-examining a state witness is not confined to matters testified to by the witness in chief. State v. Swayze, 30 La. Ann. 1327; State v. Thomas, 32 La. Ann. 349.
The learned trial judge says, in his per curiam, that he sustained the objection for the additional reason that a proper foundation had not been laid for the impeachment of the state witness. But he, in fairness, as he says, adds that this additional reason was not mentioned by him in making his ruling ; and the statement of the facts, as taken down by the clerk, shows that the only ground of objection was that the cross-examination had to be confined to the matters testified to in chief.
In the brief in behalf of the state it is suggested that no injury was done to the accused by the ruling, because he might have put the coroner on the stand later as his own witness, and elicited the desired testimony from him; that the coroner was the brother of the attorney of accused, and therefore well disposed towards the case of accused.
The record does not show this relationship, and affirmatively shows that the coroner was “hostile and antagohistical” to the accused.
There are other bills of exceptions; one relative to the manner of drawing the grand jury, another to the refusal of a continuance, and another to a state witness having been allowed to be recalled after the defense had closed its evidence. All these are matters which are not likely to come up again on another trial, and hence need not now be passed on.
The judgment and verdict appealed from are set aside, and the case remanded for trial.